UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GARY LYNN MOORE** | **CIVIL ACTION NO. 18-145-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **SHREVEPORT POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaints filed in forma pauperis by pro se plaintiff Gary Lynn Moore ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 5, 2018. Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when he filed this complaint. He complains that Defendants violated his civil rights during his arrest. Plaintiff names the Shreveport Police Department and Unknown Officer as defendants.

Plaintiff claims that on January 15, 2018, he called 911 for an ambulance because he had been hit in the head with a bat. He claims the operator dispatched an ambulance and the police to his location. Plaintiff claims Officer Blue and the Unknown Officer in training did not ask him any questions or take his statement. Plaintiff claims the police officer took the statements of Archie Webster and Ardis Webster. He claims the police

report falsely stated that he was in a fight with one brother and held a knife on the other brother. Plaintiff claims he was the victim.

Plaintiff claims he was arrested at the hospital. He claims the officer made a report and took pictures of his head. He claims another officer then transported him to the jail.

Plaintiff claims he was convicted of one count of aggravated assault and sentenced to four months imprisonment.

In his amended complaint, Plaintiff raises a new claim. He claims that while incarcerated at Caddo Correctional Center, he was attacked by another inmate. He claims that as a result of the attack, his left ear was injured and he suffered hearing loss.

Accordingly, Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

**Heck Claims**

Plaintiff claims the police report was false and he was wrongfully convicted of aggravated assault. Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a

civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Inmate Attack Claims**

Plaintiff claims that while incarcerated at Caddo Correctional Center, he was attacked by another inmate. He claims that as a result of the attack, his left ear was injured and he suffered hearing loss.

Plaintiff's claims regarding the inmate attack are completely unrelated to his claims regarding the false police report and his conviction. The claims do not arise out of the same transaction or occurrence and do not share a common question of law or fact as required by Fed.R.Civ.P 18 and 20. Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner-litigation, ensures that prisoners pay the fees required under the

Prison Litigation Reform Act, 28 U.S.C. § 1915(g) for each suit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Thus, these claims are subject to dismissal without prejudice and may be filed as a separate lawsuit.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages regarding his arrest and conviction be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims regarding an inmate attack be **DISMISSED WITHOUT PREJUDICE** to Plaintiff pursuing litigation in a separate civil action by filing a complaint in the proper court.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge